<u>NOT FOR PUBLICATION</u>                              (Docket Entry No. 87)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

```
_____
                               :
                               :
UNITED STATES OF AMERICA       :
                               :    Criminal No. 98-390 (RBK)
            v.                 :
                               :
JOSEPH BUTCH,                  :    OPINION
                               :
            Defendant.         :
_____
```

**KUGLER,** United States District Judge:

This matter comes before the Court upon the motion of defendant Joseph Butch ("Defendant"), pursuant to Federal Rule of Civil Procedure 60(B)(1) and (4), to vacate judgment as void.

**I.      Factual and Procedural Background**

A federal grand jury indicted Defendant on June 18, 1998 with conspiracy to distribute and to possess oxycodone, a controlled substance, without authorization in violation of Title 21, United States Code, § 846. Defendant was convicted by jury and sentenced to 240 months' imprisonment on August 12, 1999. The Third Circuit Court of Appeals affirmed the conviction and sentence on June 29, 2001. A previous motion to vacate judgment was denied on April 23, 2003, and on February 25, 2005 this Court reduced Defendants' sentence to 155 months.

In the present motion, Defendant requests that the

Court vacate the judgment on the basis that the indictment, issued in 1998, is void. Specifically, Defendant argues:

(1)     While the indictment charged Defendant under Title 21, United States Code, §§ 846 and 841(a)(1), it erroneously cites the language of § 843(a)(1)(d), allegedly misleading the Grand Jury and resulting in indictment of an offense not committed by the defendant.

(2)     The indictment charges Defendant with the incorrect crime; the correct crime would have been 84 Statutes At Large 1263, § 403(a)(1)(c).

(3)     The charged offense, Title 21, United States Code § 846 does not state an offense against the United States.

(4)     The indictment charges conspiracy but fails to name co-conspirators.

## II.      Discussion

Defendant brings his motion pursuant to Federal Rule of Civil Procedure 60(b)(1) and (4). Rule 60(b)(1) authorizes the court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. Proc. 60(b)(1). However, the Court cannot entertain a 60(b)(1) motion filed "more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. Proc. 60(b).

For this purposes of Defendant's motion, the relevant

final judgment was issued on May 11, 1999, when Defendant received his conviction. This date is unaffected by the modification of Defendant's sentence on February 25, 2005. Because Defendant waited until August 1, 2005, well past the one year deadline, to file the present motion, this Court cannot vacate Defendant's conviction under Rule 60(b)(1).

Rule 60(b)(4) permits the court to relieve a party from a final judgment if the judgment is void. Fed. R. Civ. Proc. 60(b)(4). Such relief should be granted only when the motion is made within a reasonable time. Fed. R. Civ. Proc. 60(b). Although the Rule does not specify the exact period that constitutes a "reasonable time," Defendant's failure to raise these issues in the six year period that has transpired since his indictment is clearly unreasonable.

Furthermore, Rule 60(b) motions are "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." <u>Bohus v. Beloff</u>, 950 F.2d 919, 930 (3d Cir. 1991) citing <u>Plisco v. Union R. Co.</u>, 379 F.2d 15, 16 (3d Cir.1967). <u>See also</u> <u>Moolenaar v. Government of Virgin Islands</u>, 822 F.2d 1342, 1346 (3d Cir.1987) quoting <u>Page v. Schweiker</u>, 786 F.2d 150, 158 (3d Cir.1986) (Garth, J., concurring) ("The remedy provided by Rule 60(b) is 'extraordinary, and special circumstances must justify granting relief under it.'"). Parties moving under Rule 60(b) bear a heavy

burden of proving extraordinary circumstances are present to justify such relief. Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir.1991).

Defendant has failed to satisfy his burden of showing any extraordinary circumstances warranting relief from judgment. Rather, the issues Defendant raises are properly addressed in an appeal of the judgment, not in a Rule 60(b) motion. Reform Party of Allegheny County v. Allegheny County Dept. of Elections, 174 F.3d 305, 312 (3d Cir. 1999) citing Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977))("[A] Rule 60(b)(6) motion may not be used as a substitute for an appeal.").

Accordingly, this Court will deny Defendants' motion to vacate judgment.

The accompanying Order shall issue today.


Dated:  9-12-05                        /s/ Robert B. Kugler
                                       ROBERT B. KUGLER
                                       United States District Judge